EVANS, GOVERNOR OF WASHINGTON, ET AL. *v.*
ATLANTIC RICHFIELD CO. ET AL.

No. A–456.   Decided December 9, 1976

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicants, officials of the State of Washington, seek a stay of the order of the United States District Court for the Western District of Washington, entered November 12, 1976, enjoining enforcement of Chapter 125 of the Laws of the State of Washington, 1975, First Extraordinary Session, Wash. Rev. Code § 88.16.170 *et seq.* This statute, designed "to decrease the likelihood of oil spills on Puget Sound and its shorelines," imposes regulations on oil tankers over 40,000 deadweight tons (DWT)* and prohibits "supertankers" of over 125,000 DWT. On the date the statute became effective, September 8, 1975, respondents filed suit in the United States District Court for the Western District of Washington, claiming that Chapter 125 had been preempted by federal law, particularly the Ports and Waterways Safety Act of 1972 (PWSA), 86 Stat. 424, as amended, 33 U. S. C. § 1221 *et seq.* (1970 ed., Supp. V), 46 U. S. C. § 391a

---

*Tankers between 40,000 and 125,000 DWT may enter Puget Sound (a) if they contain certain enumerated safety features or (b) if they are accompanied by a tug escort. Tankers over 50,000 DWT are required to have state-licensed pilots on board when navigating Puget Sound.

(1970 ed., Supp. V), and that Chapter 125 imposed an undue burden on interstate commerce, in violation of the Commerce Clause of the United States Constitution, Art. I, § 8, cl. 3. A three-judge court was convened pursuant to 28 U. S. C. §§ 2281 and 2284; the case was heard pursuant to an agreed statement of facts; and an opinion was issued on September 23, 1976, holding Chapter 125 pre-empted in its entirety: the state pilotage requirement by conflict with 46 U. S. C. §§ 215 and 364, and the remainder of Chapter 125 by the PWSA. On motion by respondents a permanent injunction was issued on November 12, 1976, but that order was stayed until December 15, 1976.

On consideration of the application and response, it appears that the issues involved are of sufficient complexity, and their resolution sufficiently uncertain, to warrant consideration by the full Court. Such consideration ordinarily occurs at a regularly scheduled Conference of the Court, to which the matter is referred by the Circuit Justice. The Court has a Conference scheduled for Friday, December 10, but I have elected not to refer this application to that Conference. Consideration by the full Court presupposes adequate time for each Justice to study the application and response prior to Conference, and at this point such time simply is not available.

Since I do not believe that this case is of such extraordinary urgency as to warrant my requesting THE CHIEF JUSTICE to schedule a special Conference to consider it, I have elected to refer the application to the next regularly scheduled Conference of the Court. Because that Conference will occur after December 15, the date on which the stay issued by the District Court expires, I think it is incumbent on me to exercise my authority as Circuit Justice to determine how the matter shall remain until it can be considered by the full Court. The state officials' showing of irreparable injury in the absence of a temporary stay, while not en-

tirely unpersuasive, is not by any means overwhelming. Respondents' estimates of financial loss if the District Court stay is continued are at least equally marginal. Respondents have operated in compliance with the state statute for more than a year, and at no time during the pendency of their suit in the District Court did they seek preliminary relief. On balance I have decided that respondents should be required to continue to operate in this manner pending consideration of the application by the Court.

It is therefore ordered that the stay of the order of permanent injunction dated November 12, 1976, which would by its terms expire December 15, 1976, be continued until further order of this Court. The application for stay will be referred to the full Court at the Conference following December 10.